UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| KAY DIANE ANSLEY, ET AL., | : |
| Plaintiffs, | : CIVIL ACTION |
| v. | : 1:15-CV-00274-MOC |
| STATE OF NORTH CAROLINA, | : DISTRICT JUDGE |
| | : MAX O. COGBURN, JR. |
| Defendant, | : |
| | : MAGISTRATE JUDGE |
| and | : DENNIS L. HOWELL |
| BRENDA BUMGARNER, individually and on behalf of other similarly situated Jane and John Doe Magistrate Judges, | : |
| Proposed Intervenor-Defendant. | : |

## DECLARATION OF BRENDA BUMGARNER

I, Brenda Bumgarner, in accordance with the provisions of 28 U.S.C. § 1746, declare as follows:

1. I am older than eighteen years of age and competent to testify in this jurisdiction. I have personal knowledge of the facts contained in this declaration. I am submitting this declaration in support of a motion to intervene filed on my behalf as an individual, and also on behalf of similarly situated Magistrate Judges, in the above-referenced case.

2. I am a citizen and resident of North Carolina, and a graduate of Gardner-Webb University. I am currently a Magistrate Judge serving in Alexander County, North Carolina, which is an appointed position, pursuant to N.C. Gen. Stat. § 7A-171. I have been serving in this position for more than ten years. As set forth in North Carolina General Statutes, I was originally appointed to this position for a 2-year term by the senior resident Superior Court judge in Alexander County

Page **1** of **5**

from among persons nominated by the clerk of Superior Court. Subsequent to that original appointment, I have twice been re-appointed for 4-year terms. Having now served as a Magistrate Judge for more than ten years, I desire to maintain this position at the conclusion of my current appointment. The work of a Magistrate Judge is a full-time position, and the salary earned from this work is used to support my family.

3. Like other Magistrate Judges, I have taken and subscribed to an oath of office set forth in Article IV, Sec. 7 of the North Carolina Constitution:

> I, _____, do solemnly swear that I will support and maintain the Constitution and laws of the United States, and the Constitution and laws of North Carolina not inconsistent therewith, and that I will faithfully discharge the duties of my office as Magistrate, so help me God.

4. As a Magistrate Judge, I handle both civil and criminal matters. Among other things, Magistrate Judges preside over small claims court, decide certain landlord-tenant matters, review domestic violence charges to determine probable cause for summons or warrant, establish bail in certain cases, and may also accept guilty pleas or payments of fines and costs for traffic code violations and minor misdemeanors. Persons who appear before me in my courtroom are treated equally, with fairness and dignity, and without discrimination.

5. I have never been suspended from performing the duties of my office, or removed from that office during my multiple appointments.

6. I have been a committed Christian for many years. My sincerely held religious beliefs are fundamental to my identity, autonomy, and definition of self. They are part of a worldview and belief system by which I order my life and faithfully execute and conduct my duties as a Magistrate Judge and citizen of the State of North Carolina.

7. Like other Magistrate Judges, I have a sincerely held religious belief and conviction that marriage is an institution ordained by God as the union between one man and one woman as a reflection of the complementarity of the sexes, and that no other union of people can be solemnized as a "marriage" because it lacks the complementarity created by God. This is not a belief that I can compromise, and I sincerely believe that God forbids calling any other union of people a "marriage." As such, my religious beliefs and convictions compel me to refrain from solemnizing marriages for same-sex couples. By solemnizing a marriage for a same-sex couple, I would be approving of same-sex marriage and this would substantially burden my sincerely held religious beliefs about marriage. I cannot approve a same-sex marriage and still maintain my religious conscience. This act would violate my religious conscience.

8. This deep religious conviction is commensurate with North Carolina marriage law set forth in the North Carolina Constitution and North Carolina General Statutes at the time I, and others, took office as Magistrate Judges. I am committed to public service and believe that, to this day, I am still supporting the United States and North Carolina Constitutions and laws "so help me God" as I faithfully execute the statutory jurisdiction, duties and additional powers of a Magistrate Judge in this State. I have never disavowed my oath or duties as a Magistrate Judge.

9. On June 12, 2015, the North Carolina Administrative Office of the Courts provided a memorandum to all North Carolina Magistrate Judges, among others, informing them that Senate Bill 2 became law on June 11, 2015, and that the law permitted Magistrate Judges to recuse themselves from performing all lawful marriages based upon a sincerely held religious objection. This memorandum provided further details about claiming the recusal by submitting a form entitled Magistrate Recusal from the Solemnization of Marriages to the Chief District Court Judge in the Magistrate Judge's home county. This form, once completed, was to be filed with the Human Resources as part of each Magistrate Judge's confidential personnel file.

10. The Magistrate Recusal from the Solemnization of Marriages form recited language from N.C. Gen. Stat. § 51-5.5(a), providing that "Every magistrate has the right to recuse from performing all lawful marriages under this Chapter based upon any sincerely held religious objection. Such recusal shall be based upon notice to the chief district judge and is in effect for at least six months from the time delivered to the chief district judge. The recusing magistrate may not perform any marriage under this Chapter until the recusal is rescinded in writing. […]"

11. On June 17, 2015, I signed, completed, and submitted the Magistrate Recusal from the Solemnization of Marriages form. By exercising this recusal, I am excluded from performing any lawful marriages in Alexander County.

12. This recusal from performing any marriages provides a simple religious accommodation to myself and other similarly situated Magistrate Judges. Without this recusal, I and other similarly situated Magistrate Judges will lose a statutory right and benefit that furthers, and expressly protects individual religious freedoms guaranteed by the United States and North Carolina Constitutions. This recusal also protects my rights, interests, and ongoing ability to serve as a Magistrate Judge, without surrendering my sincere beliefs. However, exercising this recusal does not bar or prevent the solemnization of any marriages in Alexander County, or elsewhere.

13. According to publicly available reports attributed to the North Carolina Administrative Office of the Courts, there are nearly 700 Magistrate Judges across North Carolina and, more than 30 of whom, like myself, have opted to claim their right to recusal. The identities of these individuals have not been released due to the confidential nature of each Magistrate Judge's personnel file. Certainly other Magistrate Judges who hold similar sincerely held religious beliefs and desire to serve (or continuing to serve) as Magistrate Judges will elect to take this recusal in the future. The recusal authorized by Senate Bill 2 is generally applicable across the state, and the recusal form is also uniform throughout the state.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 4th day of February, 2016.

*Brenda Bumgarner*
BRENDA BUMGARNER

Page 5 of 5