IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:15-cv-274

| | |
|---|---|
| Kay Diane Ansley, Catherine "Cathy" McGaughey, Carol Ann Person, Thomas Roger Person, Kelley Penn, and Sonja Goodman, | ) ) ) ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| State of North Carolina, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |


**MEMORANDUM OF LAW IN SUPPORT OF THE STATE'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................... i

TABLE OF CASES AND AUTHORITIES ..................................................................... ii

NATURE OF THE CASE ..................................................................................................1

STATEMENT OF THE FACTS .........................................................................................1

QUESTIONS PRESENTED................................................................................................2

STANDARD OF REVIEW ................................................................................................2

ARGUMENT .....................................................................................................................4

      I.      PURSUANT TO THE ELEVENTH AMENDMENT OF THE
            UNITED STATES CONSTITUTION, THIS COURT DOES NOT
            POSSESS JURISDICTION TO ENTERTAIN PLAINTIFFS'
            CLAIMS, AND THE ACTION SHOULD INSTEAD BE
            DISMISSED PURSUANT TO RULES 12(B)(1) AND (2) OF
            THE FEDERAL RULES OF CIVIL PROCEDURE................................................4

      II.     PLAINTIFFS' ACTION SHOULD BE DISMISSED FOR LACK
            OF STANDING .................................................................................................7

      III.    PLAINTIFFS' COMPLAINT SHOULD BE FURTHER
            DISMISSED FOR FAILURE TO STATE A CLAIM ........................................15

CONCLUSION.................................................................................................................17

CERTIFICATE OF SERVICE ........................................................................................19

Case 1:15-cv-00274-MOC-DLH   Document 21   Filed 02/05/16   Page 2 of 26

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Bain,*
    697 F.2d 1213 (4th Cir. 1982) ......................................................................................... 2

*Allen v. Wright,*
    468 U.S. 737 (1984) ................................................................................................... 3, 7

*Ariz. Christian Sch. Tuition Org. v. Winn,*
    563 U.S. 125 (2011) .................................................................................. 8, 9, 10, 11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ......................................................................................................... 4

*Atascadero State Hosp. v. Scanlon,*
    473 U.S. 234 (1985) ......................................................................................................... 6

*Bd. of Trustees of the Univ. of Alabama v. Garrett,*
    531 U.S. 356 (2001) ......................................................................................................... 6

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ......................................................................................................... 4

*Bowen v. Kendrick,*
    487 U.S. 589, (1988) ................................................................................................ 8, 10

*Brown v. N.C. Div. of Motor Vehicles,*
    166 F.3d 698 (4th Cir. 1999) ......................................................................................... 6

*Burwell v. Hobby Lobby Stores, Inc.,*
    573 U.S. ___, 134 S. Ct. 2751 (2014) ........................................................................ 16

*CGM, LLC v. BellSouth Telcoms., Inc.,*
    664 F.3d 46 (4th Cir. 2011) ........................................................................................... 7

*Clapper v. Amnesty Int'l USA,*
    568 US ___, 133 S. Ct. 1138, 1147 (2013). ............................................................... 13

*Corp. of Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Amos,*
    483 U.S. 327 (1987) ...................................................................................................... 15

*CSX Transp. Inc. v. Board of Public Works,*
    138 F.3d 537 (4th Cir. 1998) ......................................................................................... 6

ii

*DaimlerChrysler Corp. v. Cuno*,
　　547 U.S. 332 (2006) ............................................................................................ 9

*Dean v. Motel 6 Operating L.P.*,
　　134 F.3d 1269 (6th Cir. 1998) ............................................................................ 2

*Doremus v. Board of Ed. of Hawthorne*,
　　342 U.S. 429 (1952) ............................................................................................ 11

*Edelman v. Jordan*,
　　415 U.S. 651 (1974) ............................................................................................ 5

*Edwards v. City of Goldsboro*,
　　178 F.3d 231 (4th Cir. 1999) ............................................................................ 4

*Elk Grove Unified Sch. Dist. v. Newdow*,
　　542 US 1 (2004) .................................................................................................. 14

*First National Bank v. Board of County Commissioners*,
　　264 U.S. 450 (1924) ............................................................................................ 14

*Flast v. Cohen*,
　　392 U.S. 83 (1968) ................................................................................ 8, 9, 10, 11

*Foreman v. General Motors Corp.*,
　　473 F. Supp. 166 (E.D. Mich. 1979) .............................................................. 6

*Francis v. Giacomelli*,
　　588 F.3d 186 (4th Cir. 2009) ............................................................................ 4

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
　　528 U.S. 167 (2000) ............................................................................................ 8

*Gladstone, Realtors v. Village of Bellwood*,
　　441 U.S. 91 (1979) .............................................................................................. 3

*Greenville County Republican Party Exec. Comm. v. Greenville Cnty. Election Comm'n*,
　　604 Fed. Appx. 244 (4th Cir. 2015) ............................................................ 3, 8

*Hein v. Freedom from Religion Found., Inc.*,
　　551 U.S. 587 (2007) ...................................................................................... 10, 11

*Heller v. Doe*,
　　509 U.S. 312 (1993) ............................................................................................ 16

iii

*Lane v. Pena*,
    518 U.S. 187 (1996) ............................................................................................ 6

*Larsen v. Hoffman*,
    444 F. Supp. 245 (D.D.C. 1977) ........................................................................ 6

*Lemon v. Kurtzman*,
    403 U.S. 602 (1971) .......................................................................................... 15

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .............................................................................. 3, 7, 12, 14

*Massachusetts v. Mellon*,
    262 U.S. 447 (1923) ............................................................................................ 8

*Miller v. Brown*,
    462 F.3d 312 (4th Cir. 2006) .............................................................................. 3

*Mims v. Kemp*,
    516 F.2d 21 (4th Cir. 1975) ............................................................................... 2

*Mylan Labs., Inc. v. Akzo, N.V.*,
    2 F.3d 56 (4th Cir. 1993) ................................................................................... 3

*National League of Cities v. Usery*,
    426 U.S. 833 (1976) .......................................................................................... 14

*National Wildlife Federation v. Burford*,
    871 F.2d 849 (9th Cir 1989) ............................................................................. 14

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
    591 F.3d 250 (4th Cir. 2009) ........................................................................ 4, 15

*North Dakota v. United States*,
    495 U.S. 423 (1990) .......................................................................................... 16

*Phillips Petroleum Co. v. Shutts*,
    472 US 797 (1985) ............................................................................................ 14

*Read v. Ulmer*,
    308 F.2d 915 (5th Cir. 1962) ............................................................................. 4

*Regents of the Univ. of Cal. v. Doe*,
    519 U.S. 425 (1997) ............................................................................................ 6

iv

*Schlesinger v. Reservists Committee to Stop the War,*
    418 U.S. 208 (1974) ........................................................................ 10

*Seminole Tribe of Florida v. Florida,*
    517 U.S. 44 (1996) ........................................................................... 6

*Sierra Club v. Morton,*
    405 U.S. 727 (1972) ........................................................................ 13

*United States v. Richardson,*
    418 U.S. 166 (1974) ........................................................................ 10

*Valley Forge Christian College v. Americans United for Separation of Church & State,*
    454 U.S. 464 (1982) ................................................................... 12, 13

*Wangberger v. Janus Capital Group (In re Mut. Funds Inv. Litig.),*
    529 F.3d 207 (4th Cir. 2008) ........................................................... 7

*Washington v. Glucksberg,*
    521 U.S. 702 (1997) ........................................................................ 17

*Weller v. Cromwell Oil Co.,*
    504 F.2d 927 (6th Cir. 1974) ........................................................... 3

*White Tail Park, Inc. v. Stroube,*
    413 F.3d 451 (4th Cir. 2005) ........................................................... 3

*Will v. Michigan Department of State Police,*
    491 U.S. 58 (1989) ........................................................................... 6

**<u>Statutes</u>**

28 U.S.C. § 1341 .................................................................................. 14

28 U.S.C. § 2201 ........................................................................... 1, 5, 6

42 U.S.C. § 1983 ........................................................................... 1, 5, 6

U.S. Const. amend. I ................................................................. 1, 2, 4, 5, 15

U.S. Const. amend. XI ................................................................... 4, 5, 6, 7

U.S. Const. amend. XIV ......................................................... 1, 2, 10, 15, 17

v

U.S. Const. art. I, § 8............................................................................................................ 11

U.S. Const. art. III.................................................................................................... 3, 12, 13

**<u>Rules</u>**

Fed. R. Civ. P. 1 ................................................................................................................. 7

Fed. R. Civ. P. 4 ...................................................................................................................i

Fed. R. Civ. P. 12(b)(1)............................................................................................ 2, 3, 4, 7

Fed. R. Civ. P. 12(b)(2)................................................................................................... 2, 4

Fed. R. Civ. P. 12(b)(6)................................................................................................. 4, 17

**<u>Other Authorities</u>**

Senate Bill 2 ............................................................................................................. passim

In support of its Motions to Dismiss, and pursuant to Rule LCvR 7.1 of the Local Rules of Civil Practice for the Western District of North Carolina, the State submits this memorandum of law.

## NATURE OF THE CASE

Plaintiffs bring this action pursuant to 28 U.S.C. § 2201 seeking from this Court a declaratory judgement that "Senate Bill 2," Sess. Law 2015-75, ("Act To Allow Magistrates And Registers Of Deeds To Recuse Themselves From Performing Duties Related To Marriage Ceremonies Due To Sincerely Held Religious Objection"), violates the Establishment Clause of the First Amendment. Pursuant to 42 U.S.C. § 1983, Plaintiffs further contend that Senate Bill 2 violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution.

Plaintiffs' Complaint was filed on December 9, 2015. On December 22, 2015, by stipulation of the parties, this Court ordered that Defendants' responsive pleadings were to be due on February 5, 2016.

## STATEMENT OF FACTS

According to Plaintiffs' Complaint, Plaintiffs Ansley and McGaughey are residents of McDowell County, North Carolina. Plaintiffs Ansley and McGaughey are a same-sex couple who were married on October 14, 2014. [DE 1 ¶ 1] Plaintiffs Carol and Thomas Person are residents of Moore County, North Carolina. Plaintiffs allege that Mr. and Mrs. Person are an interracial couple, who were married during the 1970s after a federal district court ordered that their marriage be performed by North Carolina magistrates. [DE 1 ¶ 2] Plaintiffs Penn and Goodman are a same-sex couple who, according to the Complaint, "live and work together and

1

are engaged to be married." Plaintiffs' Complaint does not allege that Penn and Goodman applied and were denied a marriage in North Carolina. [DE 1 ¶ 3]

The predicate to Plaintiffs' claim is their assertion that as same-sex couples, Senate Bill 2 unconstitutionally deprives them the right to be married by magistrates, and in particular, magistrates of McDowell County, North Carolina, who volitionally choose to recuse themselves from performing any marriage as a result of closely held, personal, religious convictions. According to Plaintiffs, such a recusal by a magistrate, or collection of magistrates, violates their respective First and Fourteenth Amendment rights.

## QUESTIONS PRESENTED

1.  **Whether This Court Possesses Jurisdiction To Entertain Plaintiffs' Action, Or Whether Plaintiffs' Complaint Should Instead Be Dismissed Pursuant To Rule 12(b)(1) and (2) Of The Federal Rules of Civil Procedure.**

2.  **Whether Plaintiffs' Complaint Should Be Dismissed For Their Lack Of Standing.**

3.  **Whether Plaintiffs' Complaint Should Be Dismissed For A Failure To State A Claim Upon Which Relief May Be Granted.**

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *See Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975). "[T]he court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A motion filed under Rule 12(b)(2) of the Federal Rules of Civil Procedure tests a court's jurisdiction over an individual. In response to a motion to dismiss for lack of personal jurisdiction, the burden is on the plaintiff to demonstrate that jurisdiction is proper. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). A plaintiff may not stand on his pleadings but must, by affidavit or otherwise,

2

set forth specific facts showing that the court has jurisdiction. *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974). Although a Plaintiff who opposes a motion to dismiss for lack of personal jurisdiction is entitled to have all reasonable inferences drawn in his favor, the court is not required to look solely to plaintiff's proof in drawing those inferences. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56 (4th Cir. 1993).

As it relates to issues of standing, federal courts possess restricted powers to adjudicate certain categories of cases and controversies. U.S. Const. art. III. The existence of a plaintiff's standing to commence a federal action is an essential facet of the case or controversy requirement, which exists only when a plaintiff "personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979). If a plaintiff has not suffered an injury, there is no standing, the court is without jurisdiction to consider the action, *see Allen v. Wright*, 468 U.S. 737, 750-66 (1984), and the matter should then be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See, e.g., White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005). That is true as "Article III gives federal courts jurisdiction only over cases and controversies," and standing is "an integral component of the case or controversy requirement." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (internal quotation marks omitted); *see, e.g., Greenville County Republican Party Exec. Comm. v. Greenville Cnty. Election Comm'n*, 604 Fed. Appx. 244, 250 (4th Cir. 2015). Plaintiffs bear the burden of establishing the requisite elements of standing, must support each element of standing with sufficient factual allegations. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In the absence of the requisite standing, the lawsuit must be dismissed. *Id*. at 560.

3

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). The 12(b)(6) standard for dismissal requires the articulation of facts that, when accepted as true, demonstrate a claim that the plaintiff may plausibly be entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citations omitted).

## ARGUMENT

**I.  Pursuant To The Eleventh Amendment Of the United States Constitution, This Court Does Not Possess Jurisdiction To Entertain Plaintiffs' Claims, And The Action Should Instead Be Dismissed Pursuant To Rules 12(b)(1) and (2) Of The Federal Rules Of Civil Procedure.**

According to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party's complaint may be dismissed for lack of subject matter jurisdiction. Similarly, a complaint may be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2). It is elementary that if court has no jurisdiction over defendant, defendant has unqualified right to have an order entered granting its motion to dismiss. *Read v. Ulmer*, 308 F.2d 915 (5th Cir. 1962). Here, Plaintiffs

4

invoke 28 U.S.C. § 2201 and 42 U.S.C. § 1983 to establish this Court's jurisdiction over the claim.

28 U.S.C. § 2201 provides, in pertinent part, that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."  42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Despite Plaintiffs' contrary contentions, neither this statute nor 28 U.S.C. § 2201 provide this Court with jurisdiction to entertain this claim, as the Eleventh Amendment of the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign States." U.S. Const. amend. XI.  The Amendment has been interpreted to make "an unconsenting State . . . immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).  "The Eleventh Amendment bars a private

5

individual from suing a state in federal court." *Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Further, it applies "not only [when] a State is actually named as the defendant, but also [when] state agents of state instrumentalities [are the defendants]." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).

Limited exceptions to Eleventh Amendment immunity do exist, specifically and exclusively when there is (1) waiver, (2) abrogation by Congress, or (3) the *Ex Parte Young* exception. "If a state waives its immunity and consents to suit in federal court, the Eleventh Amendment does not bar the action." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985). However, waivers of sovereign immunity must be express, and any waiver will be strictly construed in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Congress can also abrogate a state's sovereign immunity when it acts pursuant to its authority under § 5 of the Fourteenth Amendment. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996). The *Ex Parte Young* exception may only exist when the complaint alleges that a State officer has enforced an unconstitutional statute, as such a claim is not considered a suit against the State, thereby avoiding Eleventh Amendment immunity prohibitions. *CSX Transp. Inc. v. Board of Public Works*, 138 F.3d 537, 540 (4th Cir. 1998).

None of the exclusive exceptions are applicable in this case. Indeed, it has been specifically held that 28 USCS § 2201 cannot be construed as a waiver of sovereign immunity. *Foreman v. General Motors Corp.*, 473 F. Supp. 166 (E.D. Mich. 1979), and that the Declaratory Judgments Act does not confer jurisdiction upon District Court where it does not otherwise exist. *Larsen v. Hoffman*, 444 F. Supp. 245 (D.D.C. 1977). The Eleventh Amendment also serves to bar § 1983 actions. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *Brown v. N.C. Div. of Motor Vehicles*, 166 F.3d 698, 705 (4th Cir. 1999). The Eleventh Amendment

6

acts as a bar to Plaintiffs' claim, which should be dismissed pursuant to Rules 12(b)1 and 12(b)2 of the Federal Rules of Civil Procedure.

## II.     Plaintiffs' Action Should Be Dismissed for Lack of Standing.

Even if Plaintiffs avoid dismissal by virtue of Eleventh Amendment immunity, this action should nevertheless be dismissed pursuant to Rule 12(b)(1) of Federal Rules of Civil Procedure for Plaintiffs' lack of standing to sue, and the Court's attendant lack of subject matter jurisdiction.

Federal courts weigh both the constitutional and prudential aspects of a plaintiff's alleged standing. To possess constitutional standing, a plaintiff must be injured by the defendant, and a federal court must be able to redress the injury. *See, e.g., Wangberger v. Janus Capital Group (In re Mut. Funds Inv. Litig.)*, 529 F.3d 207, 216 (4th Cir. 2008). The doctrine of prudential standing refers to several judicially-created limits on federal jurisdiction, "such as the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *CGM, LLC v. BellSouth Telcoms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011) (*citing Allen v. Wright*, 468 U.S. 737, 751 (1984)). Plaintiffs bear the burden of establishing the requisite elements of standing, and supporting each element of standing with sufficient factual allegations. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In the absence of the requisite standing, the lawsuit must be dismissed. *Id.* at 560.

7

**A.** ***Flast v. Cohen*, 392 U.S. 83 (1968) Is Limited To Federal Expenditures That Arise Under Congress's Taxing and Spending Clause, And Does Not Provide Plaintiffs, State Taxpayers, The Standing Necessary To Pursue Their Challenge.**

To establish constitutional standing, Plaintiffs must generally demonstrate that:

"(1) [they have] suffered an "injury in fact" that is (a) concrete and particularized and, (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and, (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citations omitted); *Greenville County Republican Party Exec. Comm. v. Greenville Cnty. Election Comm'n*, 604 Fed. Appx. 244, 250 (4th Cir. 2015). "[T]he mere fact that a plaintiff is a taxpayer is not generally deemed sufficient to establish standing in federal court." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 130 (2011). Generally, taxpayers lack standing to commence federal actions on the basis of their taxpayer status. *Massachusetts v. Mellon*, 262 U.S. 447 (1923). In the instant action, Plaintiffs allege only that they "have standing as state taxpayers under *Flast v. Cohen*, 392 U.S. 83 (1968), as they challenge a specific state law—known as Senate Bill 2—that authorizes public spending for an expressed and primary religious purpose in violation of the First Amendment." [DE 1 ¶ 7] It is noteworthy that *Flast* provides only a "narrow exception" to "the general rule against taxpayer standing." *Bowen v. Kendrick*, 487 U.S. 589, 618, (1988). Here, Plaintiffs' reliance on *Flast* to establish standing to sue the State is misplaced, as the exceptions announced in that case are inapplicable. Further, even if *Flast* did apply, Plaintiffs nevertheless fail the standing test announced in that case.

8

In *Flast*, federal taxpayers were found to have sufficient standing to maintain their litigation in the federal courts since they contested "an exercise by Congress of its power under Article I, Section 8, to spend for the general welfare," "the challenged program involve[d] a substantial expenditure of federal tax funds," and the taxpayers alleged that the challenged expenditures violated the Establishment Clause. *Flast*, 392 U.S. at 103.    In turn, in *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006), state taxpayers challenged various tax provisions of an Ohio tax scheme.  The U.S. Supreme Court unanimously dismissed *Cuno* on the grounds that the plaintiffs, as state taxpayers, lacked standing in the federal courts to challenge Ohio's state investment tax credits.    The plaintiff-taxpayers in that case were found to have fallen short in asserting an injury redressabl[e] by an injunction against the Ohio tax credit.  *Id*. Affording state taxpayers the opportunity in federal court to challenge state "tax and spending provisions" is "contrary to the . . . modest role Article III envisions for federal courts*." Id*. at 346.

The Supreme Court further reestablished the notion that state taxpayers do not have standing to pursue claims in federal court in  *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 130 (2011).  In *Winn*, Arizona taxpayers mounted an Establishment Clause challenge to Arizona's income credits for contributions ("STO" tax credits) that could be used to subsidize attendance at private, religious schools. *Id*.  The Arizona taxpayers claimed standing under *Flast* and its rule that taxpayers who might otherwise lack standing nevertheless have the right to challenge, in federal court, government outlays that violate the Establishment Clause. *Id*.  The opinions of both the majority and dissent in *Winn* suggest that in Establishment Clause challenges, state taxpayers lack standing to assert claims in federal court. *Id*. at 144-146; 153-155.  With *Winn*, the Supreme Court specifically held "the case-or controversy limitation on

9

federal jurisdiction imposed by Article III" denies the Arizona taxpayers standing to challenge the income tax credit offered by Arizona. *Id.*

Plaintiffs here rely exclusively upon their state taxpayer status to assert standing before this Court. Based on the clear jurisprudence on this issue, including *Flast*, Plaintiffs'' assertions are without merit, and their complaint should be dismissed as a consequence.

### B.   Plaintiffs Further Fail The Two Prong Test Announced In *Flast* Used To Determine The Existence of Standing.

Even if it is assumed, *arguendo* that these state taxpayers might attain standing, the exceptions announced in *Flast* are very narrow. *Bowen v. Kendrick*, 487 U.S. 589, 618 (1988); *United States v. Richardson*, 418 U.S. 166 (1974), and *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 94 S. Ct. 2925 (1974). In order to fall within this narrow exception, plaintiffs must establish two prerequisites. First, there must be a "logical link" between Plaintiffs' taxpayer status "and the type of legislative enactment attacked." *Flast*, 392 U.S. at 102. Second, there must be "a nexus" between the Plaintiffs' taxpayer status and "the precise nature of the constitutional infringement alleged." *Id.*, at 102.

Claims II and III of Plaintiffs' Complaint allege that the State has violated the Fourteenth Amendment of the U.S. Constitution, yet that assertion cannot be premised upon the narrow exceptions regarding taxpayer standing found in *Flast*. The U.S. Supreme Court was clear that *Flast* did not extend to actions other than those arising under the Establishment Clause, when it stated that "[w]e have declined to lower the taxpayer standing bar in suits alleging violations of any constitutional provision apart from the Establishment Clause." *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 609 (2007). Therefore, Plaintiffs' Equal Protection and Due Process Claims, [DE 1 ¶¶ 93-110], fail as a matter of law for a lack of standing.

10

Claim I of Plaintiffs' Complaint, alleging violations of the Establishment Clause, fails both prongs of the *Flast* standing test. First, a "logical link" between Senate Bill 2 and Plaintiffs' taxpayer status is absent. Contrary to the factual scenario presented in *Flast*, Senate Bill 2 does not establish a new appropriations program under the General Assembly's tax and spending powers, while *Flast* allowed standing only when Congress appropriated money under the taxing and spending clause of Art. I, § 8, of the U.S. Constitution. Plaintiffs here complain that the Judicial Department will pay for reappointed magistrate's retirement contributions to cover the gap in the reappointed magistrate's service, [DE 1 ¶ 59], and that some public money is being spent by the Judicial Department "to bring a willing magistrate from another county to perform marriages in the county—an act that requires the expenditure of state funds." [DE 1 ¶¶ 57, 71-72] That argument is inaccurate, as the type of public expenditures Plaintiffs complain about to establish their standing amount to, at most, "an incidental expenditure of tax funds" by the Judicial Department from general appropriations. Such an "incidental expenditure" does not serve to establish the necessary nexus between a taxpayer and the challenged statute. *Flast*, 392 U.S. at 102; *see also Doremus v. Board of Ed. of Hawthorne*, 342 U.S. 429 (1952) (statute providing for the recitation of Bible passages in public schools involved, at most, an incidental expenditure of tax funds); *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. at 135; *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. at 600-601 (U.S. 2007) (plaintiff's status as a federal taxpayer was too generalized and attenuated to confer standing to assert an Establishment Clause challenge to discretionary expenditures by the Executive Branch from general appropriations).

Secondly, Plaintiffs also fail the nexus requirement mandated by *Flast*. As previously noted, Plaintiffs Ansley and McGaughey were married on October 14, 2014, while Plaintiffs

Carol Person and Thomas Person were married in 1970s. Given the facts as alleged by Plaintiffs, Senate Bill 2 allowance of magistrate recusals from performing marriages has caused these couples no legally cognizable harm. Plaintiffs Kelley Penn and Sonja Goodman are not married yet, however they have not alleged that they have applied for or been denied a marriage as a consequence of magistrate recusals. As our Supreme Court pointed out, such generalized grievances do not suffice to establish standing:

> Although respondents claim that the Constitution has been violated, they claim nothing else. They fail to identify any personal injury suffered by them as a consequence of the alleged constitutional error, other than the psychological consequence presumably produced by observation of conduct with which one disagrees. That is not an injury sufficient to confer standing under Art. III, even though the disagreement is phrased in constitutional terms.

*Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 485-486 (1982). The fact that Plaintiffs' Complaint is couched in terms of violations of the Establishment Clause does not, by itself, establish the requisite nexus. Indeed, the Supreme Court specifically noted that, "a claim that the Government has violated the Establishment Clause does not provide a special license to roam the country in search of governmental wrongdoing and to reveal their discoveries in federal court." *Id*. As Plaintiffs have failed to claim a legal injury sufficient to establish standing in this action, this Court should dismiss their Complaint for lack of subject matter jurisdiction.

### C.  Plaintiffs Do Not Possess Standing Under Any Alternative Theory.

To otherwise qualify as a plaintiff with standing to litigate, a person must show, first and foremost, an invasion of a legally protected interest that is "concrete and particularized," and "actual or imminent." *Lujan v. Defenders of Wildlife*, 504 US 555, 560 (1992). A threat of

12

injury "must be certainly impending" to constitute injury in fact. *Clapper v. Amnesty Int'l USA*, 568 US ___, __, 133 S. Ct. 1138, 1147 (2013). Although there is no precise definition, imminence requires that "the injury proceed with a high degree of immediacy, so as to reduce the possibility of deciding a case in which no injury would have occurred at all." *Lujan* at 564 n.2. Moreover, "the 'injury in fact' test requires more than an injury to a cognizable interest" as "[i]t requires that the party seeking review be himself among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972). The party seeking review must allege facts showing that he himself was adversely affected. *Id*. at 740. Plaintiffs here have failed to do so.

Plaintiffs do claim that they are generally fearful that one day they, and other similarly situated citizens, may need to appear in other civil or criminal proceedings before a magistrate judge who might harbor the belief that they are not due the full array of rights accorded to all citizens. [DE 1 ¶¶ 96-98, 104-107] In other words, Plaintiffs express their general apprehension about possible, future, and unknown unconstitutional acts by magistrates. Even though it is framed in constitutional terms, such a nebulous fear fails to amount to the concrete injury that may otherwise confer standing under Art. III. Plaintiffs' suggested approach to standing would allow a correction of a constitutional wrongdoing, in the absence of any concrete and immediate injury. Yet, that approach that has been squarely rejected by the Supreme Court:

> Implicit in the foregoing is the philosophy that the business of the federal courts is correcting constitutional errors, and that "cases and controversies" are at best merely convenient vehicles for doing so and at worst nuisances that may be dispensed with when they become obstacles to that transcendent endeavor. This philosophy has no place in our constitutional scheme.

*Valley Forge Christian College*, 454 U.S. at 489. Plaintiffs' failure to establish their standing to sue under any alternative theory warrants dismissal of their claim.

13

**D.     Prudential Standing is Likewise Lacking.**

Prudential standing embodies judicially self-imposed limits on the exercise of federal jurisdiction. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 US 1, 11-12 (2004). The judiciary seeks to avoid deciding questions of broad social import if no individual rights would be vindicated, and to limit access to the federal courts to those litigants best suited to assert a particular claim. *Phillips Petroleum Co. v. Shutts*, 472 US 797, 804 (1985).

Considerations of federalism should guard against granting standing to Plaintiffs in this case. Plaintiffs seek a federal ruling that potentially impacts State expenditures, which presents a separation of powers concern. State governments, no less than the federal government, possess certain unalienable powers that the other may not encroach upon. *See generally National League of Cities v. Usery*, 426 U.S. 833 (1976). Congress has recognized that a state's power of taxation is a basic attribute of sovereignty by enacting the Tax Injunction Act, 28 U.S.C. § 1341 (1982). A sovereign state must have the authority to determine how tax revenues are to be spent, extending to the total conduct of a state's fiscal affairs. Well-established Supreme Court precedent recognizes the need for judicial restraint in matters involving a state's fiscal affairs. *First National Bank v. Board of County Commissioners*, 264 U.S. 450 (1924). Whatever the merits of Plaintiffs' claim, they lack prudential standing to bring this action.

Moreover, as Plaintiffs' complaint raises nothing more than abstract questions that amount to generalized grievances, their claims are more appropriately resolved by the legislative and executive branches. *National Wildlife Federation v. Burford*, 871 F.2d 849, 852 (9th Cir 1989). This Court should dismiss Plaintiffs' Complaint, or abstain on prudential grounds, from deciding this case that asserts generalized grievances over governmental conduct, and by extension triggers federalism concerns regarding a state's ability to execute a tax scheme.

14

**III.    Plaintiffs' Complaint Should Be Further Dismissed For Failure to State a Claim.**

    **A.    Plaintiffs Fail to State a Claim for Violations of the First and Fourteenth Amendments to the United States Constitution.**

Plaintiffs have alleged that the State violated the Establishment Clause of the First Amendment.  The First Amendment provides that "Congress shall make no law respecting an establishment of religion…."  A statute or practice which touches upon religion must have a secular purpose; it must neither advance nor inhibit religion in its principal or primary effect; and, it must not foster an excessive entanglement with religion. *Lemon v. Kurtzman*, 403 U.S. 602, 612-613 (1971).  At the same time, it is a well-established principle that "the government may (and sometimes must) accommodate religious practices and that it may do so without violating the Establishment Clause."  *Corp. of Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Amos*, 483 U.S. 327, 334 (1987).

Plaintiffs fail to plead sufficient facts to state a claim that Senate Bill 2 is anything other than a permissible governmental attempt to accommodate religious beliefs and practices of some North Carolina magistrates.  Plaintiffs' claim to the contrary is based on bare factual assertions and legal inferences without the specific factual allegations that are necessary to survive a motion to dismiss.  Plaintiffs' legal conclusions and factual deductions regarding the possible impact of Senate Bill 2, [DE 1 ¶¶ 80-91], should be disregarded by the Court in its 12(b)(6) analysis.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250 (4th Cir. 2009). Plaintiffs' action is not saved from dismissal by their conclusory statement that Senate Bill 2 "establishes a sincerity test for a magistrate's religious-based recusal" [DE 1 ¶ 88]  As outlined *supra*, Plaintiffs simply lack standing to challenge the alleged "sincerity test."   Moreover, they have failed to allege any facts which could support a conclusion that any of the magistrates

15

referenced in Plaintiffs' Complaint are insincere in their respective beliefs. *See, e.g., Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. ___, ___, 134 S. Ct. 2751, 2774 (2014).

As to Plaintiffs' claim that Senate Bill 2 violates the Equal Protection Clause of the U.S. Constitution, it also fails the factual and legal sufficiency test encompassed by Rule 12(b)(6). Senate Bill 2 does not single out "[g]ay or lesbian citizens like Plaintiffs," [DE 1 ¶96], but rather simply allows magistrates to recuse themselves from performing all marriages. Because that law does not target a particular class of individuals, there exist no Equal Protection concerns. Even if Senate Bill 2 classified along the lines of the purported class of citizens, such classifications neither involve a fundamental right nor create a suspect class of individuals, and is strongly presumed to be constitutionally valid. *North Dakota v. United States*, 495 U.S. 423, 433 (1990). The presumption of legislative validity requires a challenger "to negative every conceivable basis which might support it." *Heller v. Doe*, 509 U.S. 312, 320 (1993). "A State, moreover, has no obligation to produce evidence to sustain the rationality of a statutory classification. '[A] legislative choice is not subject to courtroom factfinding and may be based on rational speculation unsupported by evidence or empirical data.'" *Id.* (internal citations and quotations omitted). Plaintiffs fail to overcome that presumption.

Plaintiffs additionally allege violations of their substantive due process rights in their last Claim for Relief. [DE 1 ¶¶ 101-110]. In that Claim, Plaintiffs assert only that "Senate Bill 2 denies gay and lesbian citizens their fundamental right to government services." [DE 1 ¶108] Yet, not only do Plaintiffs fail to enumerate the eponymous "governmental rights," their Complaint fails to plead sufficient facts and to demonstrate that the alleged "right to government services" is a fundamental right protected by substantive due process, or that their right to access these unnamed government services is violated in any specific and concrete way by the

16

enactment of Senate Bill 2. When an asserted right is not fundamental, the due process clause of the Fourteenth Amendment dictates that any governmental interference with that right need only be rationally related to legitimate government interests to survive a constitutional challenge. *Washington v. Glucksberg*, 521 U.S. 702, 719-20 (1997). Since Senate Bill 2 does not interfere with a fundamental right, absent any contrary specifications by Plaintiff, it must be viewed as constitutionally sound. As a consequence, Plaintiffs' Complaint should be dismissed for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

Based on the foregoing arguments and authorities, the State of North Carolina respectfully requests the Court to grant its motions to dismiss Plaintiffs' Complaint, and grant such further relief as this Court deems just and equitable.

Respectfully submitted this the 5th day of February, 2016.

ROY COOPER
Attorney General

/s/ Olga E. Vysotskaya de Brito
Ms. Olga E. Vysotskaya de Brito
Special Deputy Attorney General
North Carolina State Bar No. 31846
North Carolina Dept. of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-0185
Facsimile: (919) 716-6759
Email: ovysotskaya@ncdoj.gov

/s/ Amar Majmundar
Amar Majmundar
Special Deputy Attorney General

17

North Carolina State Bar No. 24668
N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-6821
Facsimile: (919) 716-6759
Email: amajmundar@ncdoj.gov

18

## CERTIFICATE OF SERVICE

I hereby certify that on February 5th, 2016, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

/s/ Olga E. Vysotskaya de Brito
Ms. Olga E. Vysotskaya de Brito
Special Deputy Attorney General